UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROADCAST MUSIC, INC.; HARRICK MUSIC, INC.; EMI VIRGIN SONGS, INC. d/b/a EMI LONGITUDE MUSIC; GIBB BROTHERS MUSIC; CROMPTON SONGS; FORT KNOX MUSIC, INC.; TRIO MUSIC CO., INC.; EMI BLACKWOOD MUSIC INC.; | § § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO.: |
| v. | § § | |
| OLIVIA'S CORPORATION d/b/a THE ALAMO TEX-MEX and PATRICIA ORDONEZ, individually, | § § § § | |
| Defendants. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Broadcast Music, Inc., *et al.*, by their attorneys, for their Original Complaint against Defendants Olivia's Corporation d/b/a The Alamo Tex-Mex and Patricia Ordonez, individually (collectively "Defendants"), allege as follows:

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C §§ 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendants because Defendants are residents of and/or are incorporated in this State and are conducting business in this State,

including in this District, Defendants' acts of copyright infringement are occurring in this State, including in this District, and Defendants should anticipate being haled into court in this State.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## THE PARTIES

4. Plaintiff, Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 7.5 million copyrighted musical compositions (the "BMI repertoire"), including those which are alleged herein to have been infringed.

5. The other Plaintiffs are the owners of the copyrights in the musical compositions which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

6. Plaintiff Harrick Music, Inc. is a corporation. This Plaintiff is the owner of a copyright in at least one of the songs in this action

7. Plaintiff EMI Virgin Songs, Inc. is a corporation d/b/a EMI Longitude Music. This Plaintiff is the owner of a copyright in at least one of the songs in this matter.

8. Plaintiff Gibb Brothers Music is a partnership owned by the Estate of Maurice Ernest Gibb and Robin Gibb. This Plaintiff is the owner of a copyright in at least one of the songs in this matter.

9. Plaintiff Crompton Songs is a sole proprietorship owned by Barry Alan Gibb. This Plaintiff is the owner of a copyright in at least one of the songs in this matter.

10. Plaintiff Fort Knox Music, Inc. is a corporation. This Plaintiff is the owner of a

copyright in at least one of the songs in this matter.

11.    Plaintiff Trio Music Co., Inc. is a corporation.  This Plaintiff is the owner of a copyright in at least one of the songs in this matter.

12.    Plaintiff EMI Blackwood Music Inc. is a corporation.  This Plaintiff is the owner of a copyright in at least one of the songs in this matter.

13.    Defendant Olivia's Corporation is a corporation organized and existing under the laws of the state of Texas, which operates, maintains and controls an establishment known as The Alamo Tex-Mex, located at 2701 North Stemmons Freeway, Dallas, Texas 75207-2211, in this district (the "Establishment").  Defendant Olivia's Corporation may be served with process by serving its registered agent, Patricia Ordonez, 2300 Highland Village Rd., Suite # 1100, Highland Village, Texas 75077.

14.    In connection with the operation of this business, Defendant Olivia's Corporation publicly performs musical compositions and/or causes musical compositions to be publicly performed.

15.    Upon information and belief, Defendant Olivia's Corporation has a direct financial interest in the Establishment.

16.    Upon information and belief, Defendant Patricia Ordonez is an officer of Defendant Olivia's Corporation, with primary responsibility for the operation and management of the Establishment.  Defendant Patricia Ordonez may be served with process by serving her at 2300 Highland Village Rd., Suite # 1100, Highland Village, Texas 75077.

17.    Upon information and belief, Defendant Patricia Ordonez has the right and ability to supervise the activities of Defendant Olivia's Corporation and a direct financial interest in the Establishment.

## COPYRIGHT INFRINGEMENT CLAIMS

18. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 17.

19. Plaintiffs allege five (5) claims of copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

20. Attached as the Schedule (Exhibit A) and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the five (5) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information: Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the Registration number(s); Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

21. Each of the musical compositions identified on the Schedule, the person(s) named on Line 3 was the creator of the work (all references to Lines are lines on the Schedule).

22. On or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors-in-interest) complied in all respects with the requirements of the

Copyright Act and received from the Register of Copyrights the Certificate of Registration bearing the number listed on Line 6.

23. On the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical compositions identified on Line 2. On the date(s) listed on Line 7, the publisher(s) listed on Line 4 were (and still are) the owner(s) of the copyright in the respective musical compositions listed on Line 2.

24. On the date(s) listed on Line 7, Defendants performed and/or caused the musical compositions identified on Line 2 to be publicly performed at the Establishment without a license or permission to do so. Thus, Defendants committed copyright infringement.

25. The specific acts of copyright infringement alleged, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray for a judgment that:

(a) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(b) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

(c) Defendants be ordered to pay costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and

(d) That Plaintiffs have such other and further relief as is just and equitable.

                Respectfully submitted,

                /s/ Myall S. Hawkins
                Myall S. Hawkins
                Texas Bar No. 09250320
                Myall.Hawkins@bakermckenzie.com
                Tan Pham
                Texas Bar No. 24046628
                Email: Tan.Pham@Bakermckenzie.com
                BAKER & McKENZIE LLP
                William R. Hales
                Texas Bar No. 24074340
                Email: Ryan.Hales@Bakermckenzie.com
                711 Louisiana St., Ste. 3400
                Houston, Texas 77002
                Phone: 713 427 5000
                Fax:  713 427 5099

                William D. McSpadden
                Texas Bar No. 24002587
                Email:  William.McSpadden@Bakermckenzie.com
                BAKER & McKENZIE LLP
                2300 Trammell Crow Center
                2001 Ross Avenue
                Dallas, Texas 75201
                Phone:  214 978 3000
                Fax:  214 978 3099

                ATTORNEYS FOR PLAINTIFFS
                BROADCAST MUSIC, INC., ET AL.